Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Yu Shi, Esq. (*Pro Hac Vice*)
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: yshi@rosenlegal.com

Counsel for Lead Plaintiffs and the Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| FELIPE GARCIA, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HETONG GUO, JING YANG, JIANGYU LUO, and LENTUO INTERNATIONAL INC.,<br>Defendants. | Case No.: 2:15-CV-01862-MWF-MRW<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 2, 2017<br>Time: 10:00 a.m.<br>Courtroom: 5A<br>Judge: Hon. Michael W. Fitzgerald |

**PLEASE TAKE NOTICE** that on October 2, 2017 at 10:00 a.m. the undersigned counsel for court appointed Lead Plaintiffs shall move, pursuant to Rule 23 of the Federal Rules of Civil Procedure, before the Honorable Michael W. Fitzgerald, U.S.D.J. of the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, CA 90012, for entry of an Order approving the administrative determinations of Strategic Claim Services ("SCS"), accepting and rejecting claims submitted as recommended herein and in the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration").

This motion is based upon the accompanying Memorandum of Points and Authorities and the Declaration of Laurence Rosen in support thereof, all other pleadings and matters of record, and such additional evidence or argument as may be requested by the Court.

Defendants do not oppose the relief requested by this motion.

DATED: August 17, 2017

Respectfully submitted,

**THE ROSEN LAW FIRM P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq.(CSB# 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

Yu Shi, Esq. (*Pro Hac Vice*)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: yshi@rosenlegal.com

*Counsel for Lead Plaintiffs and the Class*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION[1]

Following the filing of the Stipulation of Settlement, Plaintiffs' motions for preliminary and final approval of settlement (Docket Nos. 58-1, 58, 65), and the issuance of the Court's March 6, 2017 Final Judgment Order (Docket No. 77) (the "Final Approval Order"), this action has been settled pursuant to the terms of the Stipulation. The Stipulation (Docket No. 58-1) provided a Gross Settlement Fund of $1,000,000.00 to be paid exclusively by Defendants. *See* Stipulation, ¶ C.1.

The Court approved Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses with the issuance of the March 6, 2017 Order Awarding Lead Plaintiffs' Counsel Attorneys' Fees and Reimbursing Expenses (the "Fee Order"),, which provided for an award of $250,000.00 in attorneys' fees to Lead Plaintiffs' Counsel, The Rosen Law Firm, P.A. ("Plaintiffs' Counsel"), reimbursement of expenses in the amount of $36,729.65, and an award to each Lead Plaintiff of $3,000 – all to be paid from the Settlement Fund. Pursuant to the Stipulation $100,000 of the Gross Settlement Fund was used to cover Notice and Administration Expenses. *See* Stipulation ¶ C.5.

Plaintiffs' Counsel has been advised by the court-appointed claims administrator, Strategic Claims Services ("SCS"), that it has completed all analyses and accounting procedures in connection with the proofs of claim (the "Claims") submitted by those persons who responded to the Notice, and has determined which of those persons are Authorized Claimants as defined by the Stipulation. *See* Bravata Declaration ¶¶ 4-5.

All that remains to complete the Settlement process is to distribute the Net Settlement Fund[2] to the Authorized Claimants.

---

[1] Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation and Agreement of Settlement dated September 2, 2016 ("Stipulation") (Docket No. 58-1).

## II. DETERMINATION OF AUTHORIZED CLAIMS

### A. Deficient and Ineligible Claims

Pursuant to the Preliminary Approval Motion and the Court's Preliminary Order dated November 25, 2016 (Docket Nos., 58, 61) all claims were to be submitted to the Claims Administrator postmarked no later than January 9, 2017. The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. Bravata Declaration ¶ 5.

SCS initially identified 67 inadequately documented claims. *Id.* When claims were inadequately documented, SCS sent claimants deficiency notices advising them of the deficiency, and they were given the opportunity to cure the deficiency. *Id.* Of the 67 claims initially identified as deficient, 40 have been successfully rectified and are now considered valid. *Id.* The remaining 27 deficient claimants either did not respond to the deficiency notice, or responded with insufficient documentation. *Id.* These claimants were sent second rejection notices explaining the reason(s) for their rejection. *Id.* To date, none of these remaining rejected claimants have objected to or contested SCS's determination. *Id.* In addition to the aforementioned 29 deficient claims, SCS identified 108 claimants that it has recommended for complete rejection. *Id.* ¶ 5c. Such claimants were sent rejection notices advising them of SCS's determination, and to date, none of these claimants has objected to or contested their rejection. *Id.* Plaintiffs respectfully request that the Court approve the Claim Administrator's recommendation to disallow the ineligible and deficient claims set forth in Exhibits D and E to the Bravata Declaration.

### B. Untimely but Otherwise Valid Claims

---

[2] The Net Settlement Fund is defined as the Gross Settlement Fund, less: (i) Attorneys' Fees and Expenses; (ii) Notice and Administration Expenses; (iii) taxes; (iv) any Award to Lead Plaintiff and/or Named Plaintiffs; and (v) other fees and expenses authorized by the Court. Stipulation. ¶A.14.

The Stipulation indicates that: “All Proofs of Claim must be postmarked or received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court. Any Settlement Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to the Stipulation or from the Net Settlement Fund (unless by Order of the Court a later-submitted Proof of Claim by such Class Member is approved) but will in all other respects be subject to provisions of the Stipulation and the Final Approval Order and Final Judgment, including, without limitation, the release of the Settled Claims and dismissal of the Litigation.” Stipulation ¶ D.4.

Of the 163 properly documented valid claims, 6 were submitted after the Court-approved January 9, 2017 deadline. Bravata Declaration ¶ 5.a. The untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund, or otherwise prejudiced any Authorized Claimant or Defendant. *See Dahingo v. Royal Caribbean Cruises Ltd.*, 312 F.Supp.2d 440, 446 (S.D.N.Y. 2004), *citing In re “Agent Orange” Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court even allowing previously opted-out claims since settlement agreement established a fixed fund, and timely claims having “no justifiable expectation in any particular pay-out”); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowing late claim on “finite pool of assets”). Plaintiffs respectfully request that the Court approve the 6 untimely, but otherwise valid claims as listed in Exhibit B-2 of the Bravata Declaration.

## III. DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Stipulation and the Plan of Allocation authorized by the Court’s Order, the Net Settlement Fund shall be distributed by the Claims Administrator, under the supervision of Plaintiffs’ Counsel, in accordance with the Stipulation and Plan of Allocation, or such further orders of the Court as may be

necessary, or as circumstances may require. *See* Stipulation ¶¶ D.1-D.16.

**IV. POTENTIAL FUTURE DISTRIBUTION OF ADDITIONAL FUNDS AND DONATION OF REMAINING FUNDS**

If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks and in no event earlier than any balance remaining in the Net Settlement Fund six (6) months after the initial distribution shall be used: (i) first, to pay any amount mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional Notice and Administrative Expenses incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if any, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be contributed to the Legal Aid Foundation of Los Angeles or any not-for-profit successor of it. (Stipulation at ¶ D.14).

**CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court decide the within motion on the papers, and approve and enter the Proposed Order submitted herewith.

DATED: August 17, 2017

Respectfully submitted,

**THE ROSEN LAW FIRM P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq.(CSB# 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

Yu Shi, Esq. (*Pro Hac Vice*)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: yshi@rosenlegal.com

*Counsel for Lead Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I, Laurence Rosen, hereby declare under penalty of perjury as follows:

I am an attorney with the Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On August 17, 2017 I electronically filed the **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

Executed on August 17, 2017

/s/ Laurence Rosen